IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| TERRY DAVID LEWIS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10CV29–HEH |
| | ) | |
| UPS FREIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss and Motion for Summary Judgment)

This is an employment discrimination and employee benefits action. The case is before the Court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Both parties have filed memoranda in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons stated herein, Defendant's Motion is granted.

## I. Background

Plaintiff Terry Lewis ("Lewis") worked for Overnite Transportation until he was discharged from employment on or about September 17, 2004. Since his dismissal, Defendant UPS Freight acquired Overnite Transportation and changed Overnite's name to UPS Freight.

Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of

1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA") relating to Plaintiff's discharge. Plaintiff also appears to seek relief under the Employee Retirement Income Security Act of 1974 ("ERISA") by alleging that on or about June 2009 he was "denied access too [sic] employment benefits after . . . the social security administration agreed that my disability . . . [occurred] during my employment . . . ."

Attached to the Complaint are two notices of right to sue issued by the United States Equal Employment Opportunity Commission ("EEOC"). The first, issued December 9, 2009, states that the EEOC was unable to conclude that any violation of the ADA occurred. The second, issued January 6, 2010 and marked "ERRATUM," states that Plaintiff's charge was untimely filed with the EEOC: "in other words, you waited too long after the date(s) of the alleged discrimination to file your charge."

Defendant filed this Motion to Dismiss or, in the Alternative, for Summary Judgment on March 11, 2010.

As a preliminary matter, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## II. Title VII Claim

### A. Rule 12(b)(1)

Before examining the substantive sufficiency of the Complaint from the perspective of Rules 12(b)(6) and 56, the Court must initially determine the extent of its

subject matter jurisdiction pursuant to Rule 12(b)(1). Defendant argues that each of Plaintiff's claims should be dismissed with prejudice under Rule 12(b)(1).

Unlike a motion to dismiss filed pursuant to Rule 12(b)(6), which confines a court's analysis to the allegations in the pleadings, a motion challenging subject matter jurisdiction under Rule 12(b)(1) allows consideration of evidence outside the complaint. In resolving motions to dismiss under Rule 12(b)(1), a court may consider affidavits, depositions, or live testimony without converting the motion into one for summary judgment. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Furthermore, within the context of a Rule 12(b)(1) motion to dismiss, a court may resolve factual questions to determine whether it has subject matter jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), *overruled on other grounds, Sheridan v. United States*, 487 U.S. 392 (1988).

Because subject matter jurisdiction implicates a federal court's constitutional power to act, it may be raised at any time either by the court *sua sponte* or by one of the parties. *Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997), *cert. denied* 524 U.S. 945 (1998). The burden of demonstrating subject matter jurisdiction resides with the Plaintiff. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984 (1992).

### B. Analysis

To have standing to file suit under Title VII, a plaintiff must exhaust his or her administrative remedies by filing a discrimination charge with the EEOC. *Bryant v. Bell*

*Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The purpose of this requirement is to put an employer on notice of the charge, permit the EEOC to investigate, and allow the parties to resolve the dispute without litigation. *See Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). Further, an EEOC charge which alleges discrimination on one basis, such as physical disability, is insufficient to exhaust the administrative remedies available for a claim that alleges discrimination on a separate basis, such as race. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Plaintiff filed a claim with the EEOC but charged solely that defendant violated the ADA; it does not allege a violation of Title VII. "[F]ailure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Id.* Plaintiff has failed to exhaust his administrative remedies as to the Title VII claim. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim. Plaintiff's Title VII is dismissed without prejudice pursuant to Rule 12(b)(1).

### III. ADA Claim

#### A. Rule 12(b)(6)

Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the

standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In *Iqbal*, the Supreme Court observed that the time-honored tenet that a reviewing court must accept all of a complaint's allegations as true does not apply to legal conclusions. Therefore, the Court must initially distinguish between those factual allegations, which the Court must assume as true, and mere legal conclusions offered as factual assertions. *Id.* at 1949-50. After parsing the well-pleaded facts from legal conclusions, the Court must then determine whether the Amended Complaint's factual allegations support a "plausible claim for relief." *Id.* at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "But where the well-

5

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'–'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Id.*

### B. Analysis

The ADA seeks to protect "qualified individuals" from employment discrimination. A "qualified individual" is an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). To establish a claim of wrongful discharge, Plaintiff must allege: "(1) [he] is in the protected class; (2) [he] was discharged; (3) at the time of the discharge, [he] was performing his job at a level that met [his] employer's legitimate expectations; and (4) [his] discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir.1995).

First, Plaintiff has failed to adequately plead that he is a "qualified individual" under the ADA. Nowhere in the Complaint or subsequent pleadings does Plaintiff ever state the nature of his disability and whether it limits a major life activity. Moreover, he fails to state the title of his position, what his job entailed, what his disability prohibited him from doing, or whether he is able to perform the essential functions of his job, with or without reasonable accommodation. *See Lusby v. Metropolitan Wash. Airports Auth.*,

No. 98-2162, 1999 WL 595355, at *3 (4th Cir. Aug. 9, 1999). Further, even if Plaintiff had pled facts sufficient to show that he is a "qualified individual," he has failed to put forth any facts to suggest that his "discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *See Enis*, 53 F.3d at 58. As a result, Plaintiff's Complaint fails to sufficiently plead a claim under the ADA.[1] Plaintiff's ADA charge is dismissed for failure to state a claim upon which relief can be granted.

## IV. ERISA Claim

Plaintiff moves alternatively for dismissal of this count under Rule 12(b)(1) or 12(b)(6) or for summary judgment under Rule 56. Generally speaking, a court does not consider matters outside the pleadings in a motion under 12(b)(6), instead considering it as a motion for summary judgment under Rule 56. Here, the Defendant moved in the alternative for dismissal under Rule 12(b)(6) and summary judgment, so conversion is not necessary. In order to consider the documents provided by Defendant, the Court will begin by considering Defendant's motion as one for summary judgment.

### A. Rule 56

When evaluating a motion for summary judgment under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most

---

[1] Defendant also claims that Plaintiff's ADA claim should be dismissed for failure to timely exhaust administrative remedies. While Lewis's termination 2004 and EEOC charge in 2009 would tend to support Defendant's argument that Plaintiff's claim was untimely filed, the Court need not reach this matter.

7

favorable to the non-moving party...." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990). A court will grant summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. Analysis

The Complaint alleges that on or about June 2009, Plaintiff was denied access to employment benefits in violation of ERISA. Defendant asserts that Plaintiff has failed to exhaust his administrative remedies under the UPS Retirement Plan ("Plan"). Although ERISA does not explicitly contain an exhaustion requirement, the Fourth Circuit has made clear that an ERISA claimant is required to exhaust the remedies provided by the relevant employee benefit plan as a prerequisite to bringing an ERISA

action to enforce benefits or to seek review of denial thereof. *Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir.1989). Exhaustion of administrative remedies gives force to a plan's provisions for internal dispute resolution and "enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Id* at 83. Accordingly, "internal appeal limitations periods in ERISA plans are to be followed just as ordinary statutes of limitations." *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 229-30 (4th Cir. 2005).

Defendant has submitted excerpts from the Summary Plan Description ("SPD") and the Declaration of Robert Whitmer, Administrative Assistant for the Retirement Department at UPS. The section of the SPD marked "Procedures for Appealing an Adverse Determination" states that plan participant has sixty days following notification of an adverse determination to appeal that decision. Mr. Whitmer indicates that as of March 10, 2010 Plaintiff has not appealed and that the sixty-day period has lapsed. Plaintiff does not dispute this assertion. As a result, there is no genuine issue of material fact and Defendant Motion for Summary Judgment on the ERISA claim is granted.

## V. USERRA Claim

On March 22, 2010, Plaintiff filed a Motion to Withdraw his USERRA claim. Unless (1) the plaintiff gives notice of dismissal before the opposing party serves a motion for summary judgment or (2) all parties sign a stipulation of dismissal, an action

may be dismissed on plaintiff's request only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Since Plaintiff's Motion to Withdraw was filed after Defendant's Motion for Summary Judgment and no stipulation of dismissal has been signed, the matter of whether the case will be dismissed with or without prejudice is left to the Court's discretion. Defendant consented to dismissal only if the case was dismissed with prejudice. Plaintiff has filed no objection. Accordingly, Plaintiff's USERRA claim is dismissed with prejudice.

## VI. Conclusion

For the reasons set forth above, Plaintiff's Title VII, ADA, and ERISA claims are dismissed without prejudice and Plaintiff's USERRA claim is dismissed with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 22 2010
Richmond, VA